IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Juan Antigua<br>    <u>Debtor(s)</u><br><br>GSAA Home Equity Trust 2006-1, Asset-Backed Certificates Series 2006-1, U.S. Bank National Association, as Trustee<br>    <u>Secured Creditor</u><br>  vs.<br><br>Juan Antigua<br>    <u>Debtor(s)</u><br><br>Scott F. Waterman<br>    <u>Trustee</u> | CHAPTER 13<br><br><br><br><br><br><br><br>NO. 22-10023 PMM |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Secured Creditor has filed a Proof of Claim on January 28, 2022 for claim number 2-1.

2. Debtor has filed an objection to the Movant's Proof of Claim on August 4, 2022 docket no. (47), the objection shall be resolved by the following manner:

a). Secured Creditor received a check in the amount of $26,818,97 in Debtor's previous case, Case Number 17-17629 PMM that was received after the automatic stay has been vacated.

b). Secured Creditor attempted to return said funds, but the check was never cashed. Secured Creditor was still holding onto the check of $26,818.97 awaiting instructions on where to send the funds when the instant bankruptcy case was filed. These funds are not reflected in the Secured Creditor's filed Proof of Claim in this case. Debtor has filed an objection to the Secured Creditor's Proof of Claim seeking application of the funds that were sent after the stay was vacated in the previous bankruptcy case.

3.  Secured Creditor shall immediately accept and apply the $26,818.97 that is in current holding. These funds shall be applied to the current pre-petition arrears. Said application shall not be deemed a violation of the automatic stay in this matter.

4.  Secured Creditor shall file an Amended Proof of Claim within sixty (60) days of the of the Stipulation reflecting the application of the $26,818.97 to the pre-petition arrears.

5.  Debtor shall modify their plan to address the balance of the arrears.

6.  Debtor's objection to Secured Creditor's Proof of Claim and Secured Creditor's Objection to the Debtor's current Chapter 13 are hereby resolved .

9.  The parties agree that a facsimile signature shall be considered an original signature.

Date:  October 5, 2022

/s/ Denise Carlon, Esquire
Denise Carlon, Esquire
Attorney for Secured Creditor

Date: 10/19/22

Paul Young, Esquire
Attorney for Debtor(s)

Date: 10/20/22

Scott F. Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this 24th day of October, 2022. However, the court retains discretion regarding entry of any further order.

**Date: October 24, 2022**

/Patricia M. Mayer/
Bankruptcy Judge
Patricia M. Mayer Judge.